## UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia
### Atlanta Division



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 23 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

*Lemondo D. Werner*
Plaintiff,

v.

Case Number:

**1:22-CV-2511**

*City of Atlanta*
Defendant.

Complaint

Plaintiff tested positive for Covid 19 and contacted H.R. Director April Broaders & C-4 Director Augustus Hudson around Oct 14, 2020. During around August 2020 I had gave Augustus Hudson my FMLA forms for surgery on my finger. During a PDP meeting around Sept. 2020 I had asked both April Broaders and Augustus Hudson about my FMLA forms, to see if it was approved. which they both denied the forms wasn't received. Then around December 2020 I applied for another FMLA this time for Covid-19 long hauler. It would be months after December 2020 Augustus Hudson and April Broaders lied to a Federal Go. Dept. of Labor investigator they didn't me I had Covid-19 or any FMLA paper work. Around the same time it was Augustus Hudson had falsified my time sheet and use my sick time. Because of The City of Atlanta knew I had file for FMLA for long hauler they knew or should have known I was covered under ADA. and the retaliation was falsifying my time, while continuing in a hostile

Constructive Dismissal, ADA Discrimination & Retaliation (Correction Update 6-21-22)

Covid - 19 - Is a very serious pandemic that have spread worldwide and killed an estimate of 15 million people. With some suffering from Covid - 19 long hauler.

Sometime around October 14, 2020 the plaintiff (Remando Warner) contact H.R. Director April Broaders & C-4 Director Augustus Hudson that he had tested positive for Covid - 19 and expressing concerns that Augustus    Hudson was not following CDC or Mayor's Covid - 19 guidelines.  Sometime around September 2020 I had scheduled a Covid test to because I was having surgery on my finger and was waiting for my FMLA approval What I didn't realize was that I shouldn't have return to work after my 1st Covid - 19 test (which was negative).  During my PDP meeting I had asked both April Broaders and Augustus Hudson about my approval for the FMLA which they both denied they received it. Then around December 2020 I applied for FMLA but this time for Covid - 19 long hauler but would find out after months they both lied again but this time to the Georgia Department of Labor. It is my belief  The City of Atlanta discrimination under the Families First Coronavirus Response Act, ADA (American with Disability Act) and Retaliated. The City of Atlanta clearly knew I had establish a case of disability once they received or knew.  After the Georgia Department of Labor discover City of Atlanta management  Augustus Hudson, April Broaders & Constance Spruill lied and did not follow City policy for FMLA became a form of Retaliation (Adverse Action). The City of Atlanta became aware of Augustus Hudson behavior once a formal compliant was sent to the Mayor & some in City Council, a Federal Lawsuit in 2019, very high turnover and time fraud but nothing stop his behavior of harassment. With unprofessional commits from Augustus Hudson such as "asking me about a female co. worker married, where do she sit, making statements on my clothes, speaking in front of other co. workers concerning a supervisor not bright, discussing my attendance in front of co. workers, asking me what kind of evidence I have on him, not speaking The City of Atlanta still allowed Augustus Hudson to be promoted. April Broaders has been very aware of many complaints on Augustus Hudson but failed to address his behavior.  Again, October 14, 2020 should be regarded as discrimination where The City of Atlanta allegedly takes an adverse action base on it's belief of the plaintiff impairment which may or may not line with my actual abilities. Around the same time a female was treated differently in her Covid - 19 FMLA leave which to the plaintiff is a form of discrimination under ADA or Sex. If plaintiff had to choice one it would be ADA because after management knowledge of Covid 19 long hauler and denying they received any FMLA forms or knew my Covid status is to me a disability.

The City of Atlanta place me in a position for a Constructive Dismissal because of the continuing hostile work environment, falsifying my time, not receiving my FMLA forms, endangering my life, working under stress, threats s of termination, making me work 5 days a week while knowing my medical condition, continuing high turnover, forcing me to turnover my badge during my last day, continuing under paying me for years, forcing me to take a drug test, nasty e-mails, speaking to me in a aggressive tone, change my job title, forcing me into another department, making unprofessional statements concerning me to other employees, speaking to me what I felt was private about my time in front of co. workers, giving some of my work to a female co. worker,  having meeting with me while Augustus Hudson had someone, showing

favoritism, making my mother's doctor fill out FMLA several times, missing certified letters of complaints, not speaking to me in the morning, giving my work assignments to a female co. worker, making me give the name of the City Attorney who I turn the City key too & forcing me to say why, notifying nearly every upper management (the Mayor, some City Council Members, Human Resources) of Augustus Hudson behavior in a formal compliant, not following CDC or Mayor Covid - 19 guidelines, not following policy, making up, forcing me to bring a doctor excuse while on FMLA, false customer service complaints and because of my health from Covid - 19 the working conditions was made so intolerable I was force to resign.

The City of Atlanta should not be shielded base on the facts stated by plaintiff during a worldwide pandemic. Clearly the City of Atlanta didn't comply with CDC or Mayor Keshia Lance Bottoms guidelines for Covid - 19.
Plaintiff has workplace rights during Covid 19 which should protect him under hazardous conditions if plaintiff strongly feels imminent danger. Because of this feeling of imminent danger and a toxic environment
plaintiff was forced to retire.

Because of the City of Atlanta refusal to address Augustus Hudson behavior, he was allowed to intentional falsify my time sheet. Augustus Hudson failed to provide adequate masks and follow CDC and the Mayor's Covid
guidelines. Augustus Hudson refused to take reasonable  changes like rearranging the workplace, schedules, social distancing, sanitizing (deep cleaning) after plaintiff tested positive for Covid virus.

The intentional wrong from April Broards, Augustus Hudson & Constance Spruill was meant to cause me harm even after notifying some City leaders before their action.

1 K - January 14, 2020
      Subject: Grievance Disagreement (No Response)
       E-mail to: COO Joshua Williams, April Broaders, Jeffrey Norman & James Merriweather

11 K - January 28, 2020 (9:45 am)                  Note: On January 29, 2020 notice several grievances and current one not in file which I  was told Renita Kirkland (had Medical File)
      Subject: Review My Personal File
      To: April Broaders

11 K -  February 19, 2020
      Subject: Dismissal & Notice of Rights from EEOC
      From: Triet Bul

11 K -  April 29, 2020
   Subject: Filed Lawsuit 1:20 - CV - 1867

11 K - March 7, 2020
   Subject: Proof of Service
   To: City of Atlanta (Law Department) Tracking Number 1z97R1703562644571

11 K - March 12, 2020
   Subject: Add to Complaint

11 K - March 14, 2020
   Subject: Proof of Service add with compliant

11 k - May 21, 2020
   Subject: Defendant's Motion To Dimiss

11K - June 10, 2020
   Subject: City of Atlanta (Law Department)

11 K - June 18, 2020
   Subject: Motion to Judge & Defendant

11K - August 8, 2020
   Subject: Self Evaluation

11 K - July 14, 2020
   Subject: Proof of Service

11 K - July 14, 2020
   Subject: Compliant on Augustus Hudson
   To: Atlanta City Council

11 K - July 21, 2020
   Subject: Felt Threaten by Augustus Hudson after turning in Supply Key to City
Attorney

11 K - July 22, 2020
   Subject: Proof of Notification

11 K - September 4, 2020
   Subject: Information for Open Record Request

11 k - September 11, 2020
   Subject: Took City Vehicle Ford Fusion (Car Wash Ticket #CQ94F95)
      and Ford Escape (Ticket N7H1Y71)

11 K - September 29, 2020
      Subject - Covid Test & Surgery Date Procedure Date October 15, 2020
      Surgery for - Right middle finger
      From - Peachtree Orthopedics

11 K - September 28, 2020
      Subject: Proof of Delivery

11 K - September 30, 2020
      Subject: Equipment Issuance Form
      From: C - 4 now called Emergency Management

11 K - September 30, 2020
      Subject: Task List for 9/30/20

11 K - October 1, 2020                         (Note: Wrote
notes on the back of form)
      Subject: PO # 52101993
      From: Yolanda Bush

11 k - October 2, 2020
      Subject: Instruction on coming to work & duties

11 K - October 7, 2020
      Subject: New Open Record Request

11 K - October 8, 2020
      Subject: Open Record Request

11 K - October 8, 2020
      Subject: Order from Court

11 K - October 17, 2020
      Subject: Certified Mail (un - open)
      To: Hartsfield - Jackson Airport to  Attn. Jamar

11 K -  October 9, 2020
      Subject: Certified Mail (Attn: Jamar Brown) & Filed in Clerk Office

11 K - October 9, 2020
      Subject: Proof of Service
      To: U.S. District Court

11 K - October 13, 2020
      Subject: Work Deficiencies & Lack of Response

From: Augustus Hudson

11 K - October 14, 2020
        Subject: Covid 19 Positive
        Phone Call: H.R. Director April Broaders & Augustus Hudson (This was done on
my cell phone)

11 K - October 17, 2020
        Subject: Notice to (C-4 dispatchers A male has contracted Covid - 19)
        Note: During my last working day I was separating new uniforms & it's my belief
Augustus Hudson didn't have them clean / Also in my phone conversation with April
Broaders I made her aware some employees
        was not wearing masks and following Mayor's & CDC guidelines for distancing.

11 K - October 16, 2020
        Subject: Fax Employee Serious Health Condition Form to Dr. Stephan McCollan
        From: UPS

11 K - October 30, 2020
        Subject: Performance Improvement Plan
        Plan Duration: 120 Days

11 K - November 02, 2020
        Subject" Request to Amend complaint for (Whistleblower & Retaliation)
        Filed in U.S. District Court

11 k - November 09, 2020
        Subject: Return To Work Status
        From: Doctor Udosen


        2021

12 L - January 21, 2021
        Subject: Notice to The City of Atlanta (Whistleblower & Retaliation)
        Filed: Magistrate Court Fulton County
        Sent: City of Atlanta Felicia A. Moore

First, a Formal Complaint against Augustus Hudson
Second, Impairment (Covid - 19)
Third, Refuse to transfer me from a toxic hostile work environment
Fourth, City of Atlanta responsibility for a safe environment.


The City of Atlanta refused to approve  my FMLA which I believe violated my rights sometime
around December  2020.

The City of Atlanta allowed Augustus Hudson, April Broaders & Constance Spruill to keep
FFCRA funds and use plaintiff sick days with his knowledge.

The City of Atlanta was very aware of the high Covid - 19 infection in the C-4 department and
the plaintiff was unaware of any procedures / protocol for the department when he returned.

City of Atlanta then Director Augustus Hudson allow my FMLA forms to sit in his outbox for
several days without any notification.

Formal Mayor Keshia Lance Bottoms and several City Council members were aware of my
complaint against Director Augustus Hudson.

Augustus Hudson, April Broaders & Constance Spruill knew The City of Atlanta owe me money
but tried to make me pay around $600 for a lost phone during my battle with Covid - 19.

Sometime around December 10, 2021 Current Hartsfield - Jackson General Manager Balram
Bheodari  had no protocol in place when a passenger with Covid-19 was around several
people.

Current Hartsfield - Jackson General Manager Balram Bheodari and Human Resources Director
April Broaders knew around October 2020 that the C-4 department was under a hostile work
environment.

Plaintiff also made Human Resources Director April Broaders aware Director Augustus Hudson
was not following The Mayor's or CDC  Covid - 19 guidelines.

Because of the seriousness of Covid - 19 & going though long hauler plaintiff feels his life was
in danger under Augustus Hudson and was forced to resign for medical reason.


The City of Atlanta allowed Augustus Hudson to falsify my time sheet by using my sick time to
cover for the days I was out during Covid - 19.

The City of Atlanta allowed for Human Resources Director April Broaders not to follow City FMLA policy.

The City of Atlanta allowed Augustus Hudson to see personal medical records on my FMLA forms which is against City Policy.

The City of Atlanta allowed Augustus Hudson to be promoted when they knew his department was working in a hostile work environment.

The City of Atlanta allowed Augustus Hudson to use his City position to cause me harm.

City of Atlanta C - 4 Director Augustus Hudson knew or should have known Mayor Keshia Lance Bottoms guidelines for employees with Covid - 19.

City of Atlanta C- 4 Director Augustus Hudson knew or should have known the deaths related to Covid - 19.

The City of Atlanta allowed Augustus Hudson to be promoted when they knew he had falsified time sheet, created a hostile work environment, a formal compliant that was never investigated by internal affairs.

The City of Atlanta allowed Augustus Hudson, April Broaders and Constance Spruill to take an adverse action against me.

The City of Atlanta is known for promoting Management with known customer service complaints.

The City of Atlanta allowed Plaintiff to be underpaid for years which may have affected his pension pay.

The City of Atlanta allowed Augustus Hudson to use City money to pay a female communication dispatcher for nearly a year while others Communication Dispatchers were essential workers and had to work.

The City of Atlanta allowed Augustus Hudson for years under pay me without making sure it would not happened again.

The City of Atlanta allowed Augustus Hudson & Human Resources to not follow FMLA policy and approved certain employees without any problems.

The City of Atlanta allowed Augustus Hudson to have access to my medical information around December 2020.

The Plaintiff is now asking U.S. District Court Judge who will preside over this lawsuit for:

1. Back Pay FFCRA funds. (Full Amount)

2. Any funds spent to obtain any open record request from The City of Atlanta.

3. The reinstatement of the plaintiff original position applied for in Security (Aviation Security System Assistant)

4. Retaliation Pay (Base on the Judge or Jury decision)

5. If at anytime Attorney Fee's.

6. To have a yearly mandatory management comment form for employees (If anyone in management falsify time, aggressive behavior, steals or use city money for favoritism) should not be promoted but investigated and giving to The Mayor and City Council and place in their file if not terminated.

7. Discrimination Pay (Base on the Judge or Jury)

8. Mental Anguish Pay (Healthcare for Covid - 19)

9. Constructive Dismissal Pay (Base on the Judge or Jury decision) if original position for plaintiff is not reinstated.

10. Court Fees

11. Investigation on Augustus Husdon, April Broaders and Constance Spruill and if found guilty they all should be removed from management.

12. Any backpack not calculated (2019, 2020 & 2021) in pension pay, if not given plaintiff original position.

The City of Atlanta human resources director April Broaders covered up then C-4 Director Augustus Hudson abuser behavior when several employees complained.

The City of Atlanta Human Resources knew or should have known several employees were under paid but never corrected plaintiff concerns though the grievance process.

City of Atlanta allowed April Broaders and Augustus Hudson to use their city position to deny me reasonable accommodations for Covid - 19 long hauler.

City of Atlanta allowed April Broaders and Augustus Hudson to make false customer service complaints without me seeing any evidence.

City of Atlanta human resources April Broaders allowed Augustus Hudson to walk out of a PDP meeting to bring back a sign copy with his signature but fail to show me the unsigned copy.

Clearly the City of Atlanta didn't report plaintiff Covid - 19 positive status to the Department of Health.

The City of Atlanta allowed Augustus Hudson to view all my medical concerns during several FMLA requests.

The City of Atlanta knew or should have known their was concerns with their FMLA procedures but did nothing to change it before 2019.

Current City of Atlanta Mayor Andre Dickens and City Council knew or should have known there is a concern with Covid 19 protocol.

While watching a news special for Covid then Hartsfield - Jackson Airport allowed several several passenger leave before the Department of Health arrived under then General Manager John Selden.

The City of Atlanta allowed Augustus Hudson to take home a City vehicle with a camera.

Human Resource Director April Broaders never got any statement from the two city employees who witness Augustus Hudson not speaking after he left for the day.

The City of Atlanta has no record of my transfer to C-4.

The City of Atlanta allowed Augustus Hudson & Human Resources to change my job title to keep me from receiving the salary I applied for.

The City of Atlanta allowed Augustus Hudson behavior continued for nearly 12 plus years and did nothing.

Current Hartsfield - Jackson Airport General Manager Balram Bheodari knew of several Director behavior but did nothing to change it (which includes Jan Washington & Augustus Hudson)

Balram Bheodari also had a compliant from an airport employee who was threaten.

Human Resources April Broaders during plaintiff grievance concerns being under paid allowed for it to continue until after a Federal Lawsuit.

The City of Atlanta continued to allow Augustus Hudson to have someone in meeting but never allowed me someone.

Human Resources April Broaders never allowed me anyone in plaintiff PDP meeting.

The City of Atlanta has a bully policy but is not used for management.

April Broaders & Augustus Hudson did not follow protocol for an employee retiring on March 31, 2021.

It is unclear what time was used on March 31, 2021 when I was made to leave the building after my retirement gathering.

The City of Atlanta never investigated Communication Dispatcher Yolanda Bush to see how Augustus Hudson paid her for a whole year, while he made other's under the same title work during Covid - 19.

The City of Atlanta continue to allow Augustus Hudson to call police on black men after my Formal Compliant.

Augustus Hudson still had several employees who left the department while the hostile work environment continued.

Because of The City of Atlanta allowing management to mishandle employees pay Plaintiff strongly believes this type of crime affects his pension.

The City of Atlanta knew or should have known falsifying time & not approving FMLA during Covid - 19 is Gross Misconduct in management.

The City of Atlanta knew or should have known if anyone in management not paying an employee correctly that affects their pension could be consider Pension fraud.

The City of Atlanta knew or should have known their is no law that states The City can not withhold FFCRA funds if a employee owes money.

The City of Atlanta knew or should have known once the law department had evidence of fraud Augustus Hudson, April Broaders & Constance Spruill should have been investigated by internal affairs.

The City of Atlanta allowed Augustus Hudson to send me concerning e-mails.

Human Resource Constance Spruill knew Plaintiff FMLA forms was in Augustus Hudson out box but again stated she knew nothing about FMLA forms.

Human Resource Constance Spruill & Augustus Hudson I had concerns with past FMLA forms.

In a meeting with Human Resource Director April Broaders concerning a 2019 grievance she made unprofessional statement the City don't owe you anything. I stated to her then I will take my concerns downtown which I did.

City of Atlanta April Broaders also knew of a female employee who Augustus Hudson had an aggressive tone too.

I had asked several times for Augustus Hudson to send me notification on any meeting is he had someone. He never did and the City of Atlanta allowed him to continue this action.

The City of Atlanta knew or should have  known city funds was being paid twice for two Human Resource Commissioner's and then paid former City Council Kwanza Hall after his fail run for Mayor.

The City of Atlanta knew or should have known Augustus Hudson was using city funds to a female  Communication Dispatcher Sr. (essential) for nearly a year at home but made plaintiff work 5 days a week while knowing his medical issue for Covid 19.

City of Atlanta allowed Augustus Hudson to take back a black jacket that was given to all employees in the department.

Augustus Hudson was very aware plaintiff had concerns with Car Wash tickets with a few with no money on it. He then stated to me he would have Yolanda Bush (Communication Dispatcher) get back with me.

The City of Atlanta allowed Augustus Hudson give me tasks that was not related to the position I applied for but things he made up.

Former Mayor Keshia Lance Bottoms refused to meet with me twice.

City of Atlanta Human Resources knew or should have known the C-4 department was working in a toxic environment after several employees was terminated but went downtown to complain.

Plaintiff has known of Augustus Hudson behavior since 2010 while working in the Security Department which was toxic then and still toxic now.

City of Atlanta continue allow for Augustus Hudson to call APD on black male employees.

Augustus Hudson have made several unprofessional statements concerning light skin women coming inside the building.

City of Atlanta allowed to install camera's in his office but one camera was focus on this wife and everyone knew in security and his department. It was after my grievance while in a  meeting with Roosevelt Council
he lied and stated there was no camera's. Even current General Manager Balram Bheodari has knowledge of this but still promoted Augustus Hudson.

The City of Atlanta allowed me to drive Augustus Hudson city vehicle with no camera inside for years while the other city vehicle in the department has one. One of my responsibilities was to take each vehicle for maintenance repair, car wash and pick up guest.

During a meeting with Balram Bheodari and Constance Spruill plaintiff stated I do not feel comfortable in a meeting with two which was then cancel.

Now Airport General Manager Balram Bheodari and April Broaders during their so called investigation and stating their is a hostile environment changes will be made immediately.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 410-2020-08469 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Remando D. Warner** | **(404) 699-7823** | **1959** |

| Street Address | City, State and ZIP Code |
|---|---|
| **412 Oakside Dr. S.w., Atlanta, GA 30331** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **CITY OF ATLANTA** | **201 - 500** | **(770) 771-9147** |

| Street Address | City, State and ZIP Code |
|---|---|
| **68 Mitchell St, Atlanta, GA 30303** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **09-01-2020**   Latest **12-16-2020**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I. I was hired by the above referenced employer in March 2003, and last worked as an Administrative Assistant Senior. In September 2020, I complained to Augustus Hudson, Director of Emergency Management (C4) of a disparity in my pay. This issue was never addressed and the disparity in my pay continues.**

**II. Mr. Hudson never provided an explanation for the pay disparity.**

**III. I believe that I have been discriminated against because of my sex (male). In violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

12-22-20
Date

Charging Party Signature

*RECEIVED*
*By sandra F. Pope at 8:24 pm, Dec 23, 2020*

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.** **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2.** **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.** **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.** **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.** **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



Atlanta District Office
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
100 Alabama Street, S.W.
Suite 4R30
Atlanta, GA 30303

OFFICIAL BUSINESS
Penalty for Private Use, $300

US POSTAGE PITNEY BOWES
ZIP 30303 $ 000.53
02 4W
0000861535 MAR 24 2022

Remando Warner
412 Oakside Drive, S.W.
Atlanta, GA 30331

30331$3725 C018

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Atlanta District Office**
100 Alabama Street, SW ,Suite 4R30
Atlanta ,Georgia ,30303
(404) 562-6887
Website:  www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/23/2022

**To:** Mr. Remando B. Warner
412 Oakside Dr. S.w.
Atlanta, GA 30331

Charge No: 410-2020-08469

EEOC Representative and email:       Carmen Bethune
Federal Investigator
Carmen.Bethune@EEOC.Gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2020-08469.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.  Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 410-2020-08469 to the District Director at Darrell Graham, 100 Alabama Street, SW Suite 4R30
Atlanta, GA 30303. You can also make a FOIA request online at
https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
(404) 562-6800
TTY (404) 562-6801
FAX (404) 562-6909/6910

Remando Warner
412 Oakside Drive, S.W.
Atlanta, GA 30331

RE:    410-2020-08469

Dear Mr. Warner:

Thank you for your patience and cooperation during EEOC's administrative investigation of the above-noted charge. This letter will serve as an explanation concerning the Equal Employment Opportunity Commission's (EEOC) determination of the merits concerning the above-referenced charge of employment discrimination. The determination relies on the following information:

1. On December 23, 2020, you filed a charge with the EEOC alleging that you believe that you were discriminated against because of your sex (male), in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII).

2. Examination of the evidence reveals that on March 2003, you were hired as an Administrative Assistant for the Department of Aviation. Respondent conducted an investigation into your complaint upon review of the payroll transactions, it was discovered that you were in fact omitted from receiving the pay increase that was effective on November 14, 2019. Respondent paid you retroactively. Males represent 33% of the department in which you work.

3. We have reviewed the evidence submitted by Respondent. At this time, there is insufficient evidence to show that Respondent's proffered reason for your allegations are a pretext for Title VII.

Therefore, EEOC has terminated its investigation of your charge. This practice is consistent with the Commission's Priority Charge Handling Procedures when the office has sufficient information from which to conclude that it is not likely that further investigation will result in a violation of the statutes we enforce. Enclosed please find your Dismissal and Notice of Rights and Information Sheet. If you wish to pursue your charge further, you have the right to sue the employer named in your charge in U.S. District Court within ninety (90) days from the date you receive the enclosed notice.

Thank you for your attention to this matter.

February 23 2022
Date

Carmen E. Bethune
Federal Investigator

Enclosure with EEOC Notice of Closure and Rights (Release Date)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

#### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

#### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

#### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Atlanta District Office**
100 Alabama Street, SW ,Suite 4R30
Atlanta ,Georgia ,30303
(404) 562-6887
Website: www.eeoc.gov

On Behalf of the Commission:

Digitally Signed By: Darrell E. Graham
02/23/2022

Darrell E. Graham
District Director

**Cc:**
Walter Mobley
EEO Coordinator
City Of Atlanta
WMobley@AtlantaGa.Gov

Please retain this notice for your records.